

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-17-2002

# Mazurek v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3923

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Mazurek v. Comm Social Security" (2002). *2002 Decisions.* Paper 406.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/406

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3923
_____

ANTHONY MAZUREK, Appellant

v.

*Larry G. Massanari
Acting Commissioner of Social Security
*Pursuant to F.R.A.P. 43(c)

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 00-cv-03326)
District Judge: Honorable Bruce W. Kauffman

_____

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2002
Before: BECKER, Chief Judge, ALITO, and AMBRO
Circuit Judges.

(Filed July 17, 2002 )
_____

OPINION
_____

BECKER, Chief Judge.

This is an appeal by Anthony Mazurek from an Opinion and Order of the District
Court for the Eastern District of Pennsylvania, holding that substantial evidence
supported the final decision of the Social Security Commissioner that Mazurek was not
disabled during the closed period for which he sought disability benefits, and granting
summary judgment for the Commissioner.  The question before us is whether substantial
evidence supports the conclusion that Mazurek had the residual functional capacity to
perform the limited range of light, sedentary, and medium exertional jobs identified by
the Secretary's vocational expert.  Because we are satisfied that it does, we will affirm.
The factual and procedural history are both long and complicated, but since they are well
known to the parties, and this opinion is styled not precedential, we will confine our
discussion to our ratio decidendi.  We note preliminarily that the injury that precipitated
Mazurek's physical problems (to his knee and back) was orthopedic in character.
However, the key physicians in this area -- Dr. Mackell, Dr. Wiggins, and Dr. Boland
reported that Mazurek's knee and back did not render him disabled.  Rather, the
condition that we must address on this appeal is Mazurek's emotional state.

Mazurek's strongest piece of evidence is a report from Joseph M. Rodolico, M.D.,
a psychiatrist who examined him on a number of occasions and reported that Mazurek
had "major depression   single episode."  Dr. Rodolico prescribed Elavil, an anti-
depressant, and opined that Mazurek had a "Global Assessment of Functioning score of
fifty-four."  However, in terms of seeking disability for a closed period of five years, Dr.
Rodolico's report does not carry the day, especially since he never opined that Mazurek
was disabled.  Rather, Mazurek's case depended upon the many reports of a therapist
named Tina Morelli, who consulted with Mazurek at the Lenape Valley Foundation.  But
Ms. Morelli is not a physician; her degree is a B.A.  Moreover, having read Ms. Morelli's
reports, we find them to be simply accounts of sessions at which Mazurek unburdened

himself.  The reports are remarkably free from diagnoses of any kind, and they surely do not amount to a cognizable opinion of total disability.

Ms. Morelli did fill out a form requesting Medical Assessment of Ability to do Work-related Activities (Mental).  The form contains some expression of concern about Mazurek's vocational abilities:

> Anthony's physical condition inhibits his ability to be a reliable person.  His anxiety and depression hinder his ability to maintain work and seek employment.
>
> Anthony has experienced a variety of losses in his life that have led to low self-esteem and feelings of depression.  Anthony wants to be a viable person but, finds this difficult to accomplish at this time due to his physical limitations and depression he has over the losses sustained in his life.
>
> Anthony is an intelligent person who is able to function independently, but, has difficulty concentrating and dealing with stresses due to preoccupation with physical pain which limits his abilities to make occupational adjustments at this time.

On the other hand, Ms. Morelli's assessment of Mazurek's specific work-related capacity is positive:  Mazurek's ability to relate to co-workers, use judgment, interact with supervisors, and function independently is described as good.  His ability to follow work rules, deal with the public and maintain attention/concentration is at least fair.  Ms. Morelli rates as "good with no limitations" Mazurek's ability to:  understand, remember and carry out complex job instructions; understand, remember and carry out detailed, but not complex, job instructions; and understand, remember and carry out simple job instructions.   Also, Ms. Morelli rates Mazurek's ability to: maintain personal appearance; behave in an emotionally stable manner; and relate predictably in social situations as "unlimited/very good."   Finally, she finds that Mazurek was "capable of managing his benefits in his own best interest."

This rendering does not support total disability.  At best, it is equivocal.  In contrast, Stephen J. Overcash, Ph.D., the Secretary's consulting clinical psychologist, reviewed the entire medical record and concluded that although Mazurek had an anxiety disorder, and a substance abuse disorder, they were not of disabling severity.  This in itself is substantial evidence.

In our view, the Commissioner complied with the governing regulations when she evaluated the psychological evidence.  Also, we are satisfied that the ALJ evaluated Mazurek's credibility in accordance with the regulations.  As we read the record it contains substantial evidence that Mazurek's limitations could not reasonably produce the level of pain and limitations that he alleges.  There was also evidence:  (1) that Mazurek often did not comply with his medication regime; (2) of secondary gain in the form of a pending lawsuit, which ultimately settled; and (3) that Mazurek misrepresented his social life, his claim of isolation and depression being countervailed by admissions of frequent sexual activity.  While concluding that Mazurek was not able to return to his past relevant work, the Commissioner found that Mazurek's impairments did not prevent him from performing a significant number of sedentary and light jobs that existed in the national economy.  In light of the evidence as we have summarized it, we think that conclusion to be supported by the record.  We are also satisfied, not withstanding Mazurek's contention to the contrary, that the ALJ's hypothetical question to the expert included all of Mazurek's limitations.

Under all these circumstances, the ALJ's crediting of the vocational expert that a significant number of jobs existed for an individual of Mazurek's age, education and prior work history  who was able to stand, walk and sit an acceptable measure, was not disabled even though he was unable to understand, remember or carry out complex instructions  is supported by substantial evidence.  The judgment of the District Court will be affirmed.

---

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Edward R. Becker_____
Chief Judge